# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KENNECIA HOLLIDAY, | |
| Plaintiff, | CIVIL ACTION FILE NO. 2:21-cv-00219-RWS-JCF |
| v. | |
| ELRINGKLINGER USA, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, Kennecia Holliday, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against ElringKlinger USA, Inc. (hereinafter referred to as "Defendant"), and states as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

2. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and*

*Notice of Rights*, Ex. 1.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

4. Plaintiff is a citizen of the United States and a resident of Gwinnett County, Georgia.

5. Defendant is a Foreign Profit Corporation doing business in the state of Georgia, with a principal office located at 4961 Golden Parkway, Buford, Georgia 30518.

6. Defendant may be served by delivering a copy of the Complaint and Summons to its Registered Agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046.

7. This Court has jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

8. Defendants are subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendant from November 2018, until her

termination on May 6, 2019.

10. During all times relevant to her claims, Plaintiff worked from Defendant's facility located at 4961 Golden Parkway, Buford, Georgia 30518.

11. During all times relevant to her claims, Plaintiff worked as a Zone 3 Team Leader.

12. At no point during her employment was Plaintiff given any written warnings or other corrective action indicating an unsatisfactory performance.

13. During all relevant time periods, Plaintiff reported to Mr. David Allen, Third Shift Supervisor.

14. Mr. Allen is Male.

15. Mr. Allen is heterosexual.

16. Plaintiff is homosexual.

17. Plaintiff is female.

18. In or around March 2019, a rumor began spreading through the facility that Plaintiff was romantically linked to another female employee, Ms. Fabiola Brooks.

19. Ms. Brooks was also a Team Lead reporting to Mr. Allen.

20. Ms. Brooks was aware of Plaintiff's sexual orientation, and soon other employees in the facility, as well as management, became aware.

21. Upon finding out Plaintiff's sexual orientation, Mr. Allen stated that Plaintiff was no longer allowed to have lunch with Ms. Brooks.

22. Upon finding out Plaintiff's sexual orientation, Mr. Allen began to treat Plaintiff with hostility.

23. Upon finding out Plaintiff's sexual orientation, Mr. Allen was generally aggressive and rude to Plaintiff to the point that her heterosexual coworkers commented on his behavior.

24. Mr. Allen made comments directed at Plaintiff's sexual orientation, such as statements that Plaintiff should wake up with a man.

25. On April 12, 2019, Plaintiff wrote a statement to Human Resources detailing her claims of gender and sexual discrimination against Mr. Allen and Defendant.

26. Plaintiff was advised by Mr. Michael Sebring, Human Resources, that there would be an investigation into her complaints.

27. On April 17, 2019, a male Supervisor, Mr. David Carter, started a verbal dispute with Plaintiff.

28. Mr. Carter stated that if Plaintiff thought she "was a man" that he would "beat [her] like one."

29. Mr. Carter is heterosexual.

30. Following the dispute and Mr. Carter's threat, Plaintiff was instructed to go home for the day by Mr. Carter and Mr. Allen.

31. Plaintiff was then walked to her car by Supervisor Mr. Cedrick Banks, who advised Plaintiff to contact Human Resources in the morning.

32. Mr. Carter was not similarly sent home that day, despite his role in the dispute and his threats of physical violence.

33. The following day, Plaintiff was contacted by Ms. Chailynn Powell, Human Resources, regarding Plaintiff's April 12th complaint.

34. During their conversation, Plaintiff informed Ms. Powell of the incident the day prior, and asked for an update on her employment status.

35. Plaintiff was soon after informed that she had been placed on unpaid suspension pending an investigation into the April 17th incident.

36. Mr. Carter was not placed on suspension.

37. On April 24, 2019, Plaintiff was called into the facility by Mr. Thomas Seawright, to be questioned regarding her complaints to Human Resources.

38. During this meeting Plaintiff asked to use her vacation time during her suspension; that request was denied without explanation.

39. On April 29, 2019, Plaintiff received a call from Mr. Sebring, who stated

that the company was consulting an attorney and would be in touch at a later date.

40. On May 6, 2019, Plaintiff received a text from Ms. Regina Summerour, Human Resources Manager, and a meeting was subsequently scheduled with Plaintiff to "discuss the next steps."

41. When Plaintiff appeared for the meeting, she was informed that her employment was terminated as the company did "not know which way to go with this."

42. Mr. Carter was not terminated.

43. Following her termination, Plaintiff was replaced by a male employee.

44. Following her termination, Plaintiff was replaced by a heterosexual, male employee.

45. Plaintiff filed claims with the Equal Employment Opportunity Commission ("EEOC") on September 2, 2019.

46. Plaintiff received her Dismissal and Notice of Rights dated July 13, 2021.

## IV. CLAIMS FOR RELIEF

### COUNT I: TITLE VII DISCRIMINATION

47. Plaintiff incorporates by reference Paragraphs 1-46 of her Complaint as if fully set forth herein.

48. Plaintiff is a member of a protected class by virtue of her gender and sexual orientation. *Paras. 16-17.*

49. Defendant was aware of Plaintiff's gender. *Paras. 16-20.*

50. Defendant was aware of Plaintiff's sexual orientation. *Paras. 16-20.*

51. Defendant's negative behavior toward Plaintiff after learning of her sexual orientation is evidence of a discriminatory animus. *Paras. 21-24.*

52. Comments regarding Plaintiff's sexual orientation are evidence of a discriminatory animus. *Paras. 24, 28.*

53. The disparate treatment of Plaintiff versus her male counterparts are evidence of a discriminatory animus. *Paras. 27-32, 35-36; 41-41.*

54. The disparate treatment of Plaintiff versus her heterosexual counterparts are evidence of a discriminatory animus. *Paras. 27-32, 35-36; 41-41.*

55. Plaintiff was replaced by an employee outside of her protected class(es), which shows discriminatory animus. *Paras. 43-44.*

56. Plaintiff's suspension constituted an adverse action under Title VII. *Para. 35.*

57. Plaintiff's termination constituted an adverse action under Title VII. *Para. 41.*

58.     Defendants' legitimate business reason is pretextual.

## COUNT II: TITLE VII RETALIATION

59.     Plaintiff incorporates by reference Paragraphs 1-58 of her Complaint as if fully set forth herein.

60.     Plaintiff's complaint to Human Resources regarding Title VII discrimination constitutes a protected activity pursuant to Title VII. *Para. 25.*

61.     Defendants had knowledge of Plaintiff's protected activity. *Para. 25.*

62.     Plaintiff's suspension constituted an adverse action under Title VII. *Para. 35.*

63.     Plaintiff's termination constituted an adverse action under Title VII. *Para. 41.*

64.     The timing of Plaintiff's protected activities to the adverse actions show causation.

65.     Defendants' legitimate business reason is pretextual.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Declaratory relief;

b. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

c. Punitive damages; and

d. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Respectfully submitted this 8th day of October, 2021.

                                         THE KIRBY G. SMITH LAW FIRM, LLC

                                         s/Amanda M. Brookhuis
                                         Amanda Brookhuis
                                         Georgia Bar No. 601396
                                         Kirby G. Smith
                                         Georgia Bar No. 250119
                                         *Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 8th day of October, 2021.

                THE KIRBY G. SMITH LAW FIRM, LLC

                s/Amanda M. Brookhuis
                Amanda Brookhuis
                Georgia Bar No. 601396
                Kirby G. Smith
                Georgia Bar No. 250119
                *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

## FONT AND POINT CERTIFICATION

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 8th day of October, 2021.

                                      THE KIRBY G. SMITH LAW FIRM, LLC

                                      s/Amanda M. Brookhuis
                                      Amanda Brookhuis
                                      Georgia Bar No. 601396
                                      Kirby G. Smith
                                      Georgia Bar No. 250119
                                      *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com